UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                                                   :
CLIFFORD THOMPSON,                                                 :  10-CV-4329 (ARR) (LB)
                                                                   :
                    Plaintiff,                                     :
    -against-                                                      :  NOT FOR
                                                                   :  PRINT OR ELECTRONIC
90TH PRECINCT; SUPREME COURT,                                      :  PUBLICATION
                                                                   :
                    Defendants.                                    :  MEMORANDUM AND
                                                                   :  ORDER
------------------------------------------------------------------ X

ROSS, United States District Judge:

On September 20, 2010, plaintiff Clifford Thompson, currently incarcerated at the Otis Bantum Correctional Center ("OBCC") at Rikers Island, filed this *pro se* action pursuant to Title 18 of the United States Code. Plaintiff alleges that police have tampered with evidence, specifically a videotape, in the criminal case currently pending against him. See Compl., Attached Statement of Claim. He seeks "dismissal of all my charges." Compl. at ¶ IV. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purpose of this order. The complaint, however, is dismissed as set forth below.

## Standard of Review

In reviewing the complaint, the court is aware that plaintiff is proceeding *pro se* and that "a *pro* se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007), and that the court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest

arguments they suggest. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

Nonetheless, the court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint or any portion of the complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a) & (b)(1). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

## Discussion

Except for civil provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§1961 *et seq.*, plaintiff cannot file this action pursuant to the federal criminal code outlined in Title 18 of the United States Code, see Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979) (noting that the Supreme Court "has rarely implied a private right of action under the criminal statute") and a private citizen does not have a constitutional right to initiate or compel the initiation of criminal proceedings against another individual. Leeke v. Timmerman, 454 U.S. 83 (1981). Because plaintiff does not allege any facts to support a civil RICO claim, the court liberally construes plaintiff's claims as arising under the civil rights statute, 42 U.S.C. § 1983. Here, plaintiff names the 90th Precinct of the New York City Police Department and also names the Supreme Court of the State of New York. The complaint, even when liberally construed, cannot proceed against these defendants.

The 90th Precinct of the New York City Police Department is an agency of the City of New York and therefore is not a suable legal entity. Lauro v. Charles, 219 F.3d 202, 205 n.2 (2d Cir. 2000); see, e.g., Bailey v. New York City Police Dep't, 910 F. Supp.116, 117 (E.D.N.Y. 1996);

N.Y.C. Charter, Ch. 17, § 396.

Even assuming that plaintiff intended to sue the City of New York, he fails to allege any facts to support the violation of a custom, practice or policy in order to hold the City of New York, a municipality, liable for any civil rights violation. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978); Amnesty America v. Town of West Hartford, 361 F.3d 113, 124-25 (2d Cir. 2004).

Furthermore, plaintiff alleges no facts against the Supreme Court of the State of New York, but even if he had, the Supreme Court of the State of New York is entitled to immunity under the Eleventh Amendment. The Eleventh Amendment bars such a federal court action against a state or its agencies absent a waiver of immunity or congressional legislation specifically overriding immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984). It is well-established that New York, including the Supreme Court of the State of New York as a part of the judicial arm of the state, has not consented to § 1983 suits in federal court, see Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d Cir. 1977); see also Madden v. Vermont Supreme Court, 8 Fed. Appx. 128, 129 (2d Cir. 2001) (citing Zuckerman v. Appellate Division, Second Dep't, Supreme Court, 421 F.2d 625, 626 (2d Cir. 1970).

Even if plaintiff had named proper defendants, this action would still be dismissed. Plaintiff seeks the dismissal of all charges against him as, presumably, there is a criminal case is pending against him in the Supreme Court of the State of New York. In Younger v. Harris, 401 U.S. 37, 43-44 (1971), the Supreme Court held that the district court could not enjoin an ongoing state prosecution, regardless of whether the law under which the plaintiff was being prosecuted was

constitutional, citing, *inter alia*, the Federalism principles central to the United States Constitution. The Second Circuit has held that "Younger abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court," Hansel v. Town Court for the Town of Springfield, N.Y., 56 F.3d 391, 393 (2d Cir. 1995), unless plaintiff can show extraordinary circumstances to warrant intervention in the ongoing proceeding.

Here, all the elements for Younger abstention are met: (i) there is a criminal case against plaintiff still pending, (ii) New York has an important state interest in enforcing its criminal laws, and (iii) plaintiff is free to raise his claims of evidence tampering in the pending criminal proceeding. Kugler v. Helfant, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). Moreover, no extraordinary circumstances warrant intervention.

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed in its entirety pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/

Allyne R. Ross
United States District Judge

Dated: September 28, 2010
      Brooklyn, New York